IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin Wayne McDaniels, #14256-171, | ) | C/A No.: 1:15-4948-TLW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a prisoner proceeding *pro se*, brought this action seeking habeas corpus relief under 28 U.S.C. § 2254. ECF No. 1. Petitioner asserts an access to the courts claim concerning his application for Post-Conviction Relief (PCR) from the State of South Carolina. *Id*. As set forth below, this action is hereby dismissed without prejudice because Petitioner has failed to prosecute his case, repeatedly failed to comply with this Court's orders, and, apparently, failed to exhaust his state-court remedies.

Petitioner's § 2254 petition was not filed in proper form because he failed to pay the $5.00 filing fee or apply for leave to proceed *in forma pauperis*, and he failed to use and sign the approved § 2254 application. Accordingly, on February 1, 2016, the Court ordered Petitioner to pay the filing fee or complete and return an attached Form AO 240 (application to proceed *in forma pauperis*), and to fully complete, sign, and return an attached § 2254 habeas petition. ECF No. 8. Petitioner was warned that failure to provide the necessary information within a specific time period would subject the case to dismissal. *Id.* Petitioner responded by filing a motion for leave to file a § 2254 petition, but he failed to correct the deficiencies noted in the Order. ECF No. 10.

On February 26, 2016, the Court sent a second order directing Petitioner to pay the filing fee or complete and return an attached Form AO 240, and to fully complete, sign, and return an

attached § 2254 habeas petition.  ECF No. 12.  Petitioner was again warned that failure to provide the necessary information within a specific time period would subject the case to dismissal.  *Id.*  Again, however, Petitioner failed to cure the deficiencies identified.  Instead, Petitioner responded by filing a motion to stay this proceeding and toll the statute of limitations while he sought a transcript and an order terminating his PCR proceeding which, apparently, was still pending.  ECF No. 14.  Magistrate Judge Hodges denied this motion to the extent Petitioner seeks to excuse his failure to exhaust his state remedies prior to filing this § 2254 petition.  ECF No. 17 at 1.

On March 28, 2016, the Court sent a third order directing Petitioner to pay the filing fee or complete and return an attached Form AO 240, and to fully complete, sign, and return an attached § 2254 habeas petition.  ECF No. 17.  Once again, Petitioner was warned that failure to provide the necessary information would subject the case to dismissal.  *Id.*  Petitioner has not responded to this Order and the time to do so has expired.

As set forth above, Petitioner has failed to prosecute this case and has failed to comply with orders of this Court.  Further, based upon Petitioner's allegations it does not appear he has exhausted his state-court remedies such that federal review may not yet be available under § 2254.  Therefore, this action is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41 of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

**IT IS SO ORDERED.**

June 21, 2016                                  *s/ Terry L. Wooten*
Columbia, South Carolina             Chief United States District Judge

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.